**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ERNEST J. THOMAS,
      Appellant,

     v.

DEPARTMENT OF VETERANS
   AFFAIRS,
      Agency.

DOCKET NUMBER
AT-0714-20-0654-B-1

DATE: July 24, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Joseph Emanuel Wade</u>, Miami, Florida, for the appellant.

<u>Caroline E. Johnson</u>, Esquire, St. Petersburg, Florida, for the agency.

<u>Kristin A. Langwell</u>, Esquire, Tampa, Florida, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The representative for the deceased appellant[2] has filed a petition for review of the remand initial decision, which (1) dismissed the matter without

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] The record evidence shows that the appellant passed away on January 13, 2023. Remand File, Tab 15 at 6.

prejudice to allow for a substitution of parties and (2) disqualified the appellant's representative for conduct prejudicial to the administration of justice. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the regulatory deadline for substitution of a party under 5 C.F.R. § 1201.35, we AFFIRM the remand initial decision. 5 C.F.R. § 1201.113(b).

We modify the remand initial decision to clarify the regulatory deadline for substitution of a party.

Pursuant to 5 C.F.R. § 1201.35(a), if, as here, an appellant dies during the pendency of his appeal, the processing of the appeal will only be completed upon substitution of a proper party. *See, e.g., Estate of Kravitz v. Department of the Navy*, 110 M.S.P.R. 97, ¶ 2 n.1 (2008) (finding that substitution was proper when the appellant passed away while his appeal was pending, his interests were not terminated because of his death, and the appellant's counsel submitted a motion for his widow to be a substitute party). The representative or proper party must file a motion for substitution within 90 days after the death or other disabling event, except for good cause shown. 5 C.F.R. § 1201.35(b).

In the remand initial decision, the administrative judge dismissed the appeal without prejudice to allow for substitution pursuant to 5 C.F.R. § 1201.35; he thereafter stated that the appeal must be refiled "by the properly substituted party <u>within 30 days of that party's designation by the proper Court</u>." Remand File (RF), Tab 24, Remand Initial Decision (RID) at 2 (emphasis as in original). To the extent that the administrative judge found that a motion for substitution must be filed within 30 days of a court designation, we clarify that this statement was inaccurate and that the regulatory deadline for substitution is 90 days after the death of an appellant, except for good cause shown. *Id.*; *see* 5 C.F.R. § 1201.35(b).

<u>We affirm the disqualification of the representative from this appeal.</u>

The Board's regulations provide for the disqualification of a representative based on a conflict of interest, as well as for the exclusion of a representative for contumacious conduct or conduct prejudicial to the administration of justice. 5 C.F.R. §§ 1201.31(b)-(d), 1201.41(b)(7), 1201.43(d).

Here, we agree that the conduct of the representative, which included (1) falsely asserting that the appellant was "alive and well" when reliable evidence showed that he passed away over 2 years prior and (2) refusing to acknowledge that the appellant was deceased, was prejudicial to the administration of justice. RID at 3-4; RF, Tab 12 at 9, Tab 13 at 6-7, Tab 15 at 6; *see Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 7 (2011) (indicating that, absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions). Accordingly, we affirm the disqualification of the representative from any further participation in this matter, including filing a motion for substitution on behalf of a putative substitute party.[3]

---

[3] We decline to consider the merits of the filings submitted on review by the representative. *See* 5 C.F.R. § 1201.35(a) (stating that, if an appellant dies or is otherwise unable to pursue the appeal, the processing of the appeal will only be completed upon substitution of a proper party).

*Cf. Cole v. Department of Veterans Affairs*, 77 M.S.P.R. 434, 434 n.1 (1998) (granting a motion to substitute when the appellant's representative informed the Board that the appellant had passed away and moved to substitute the public administrator of the appellant's estate as a party).

<u>This matter will be automatically refiled in 90 days or upon the filing of a motion for substitution, whichever occurs sooner.</u>

An administrative judge has wide discretion to control the proceedings before him, and the dismissal without prejudice to refiling is a procedural option committed to his sound discretion. *Gingery v. Department of the Treasury*, 111 M.S.P.R. 134, ¶ 9 (2009). A dismissal without prejudice is appropriate when it is in the interests of fairness, due process, and administrative efficiency. *Id.* The Board has held that an administrative judge may order a dismissal without prejudice at the request of one or both parties, or to avoid a lengthy or indefinite continuance. *Id.* However, the Board's regulations provide that, subject to exceptions not applicable here, a decision dismissing an appeal without prejudice must include a date certain by which the appeal must be refiled. 5 C.F.R. § 1201.29(c).

Here, the remand initial decision stated that the appeal must be refiled "<u>within 30 days of [a substitute party's] designation by the proper Court</u>." RID at 2 (emphasis as in original). This statement does not provide a date certain in accordance with 5 C.F.R. § 1201.29(c). *See Selig v. Department of the Army*, 102 M.S.P.R. 189, ¶ 6 (2006) (indicating that the dismissal of a case without prejudice to refiling is a procedural option that is left to the sound discretion of the administrative judge; however, this discretion must be exercised in a manner consistent with the policies set forth by the Board). Accordingly, this matter will be automatically refiled in the regional office in 90 days or upon the filing of a motion for substitution, whichever occurs sooner. If a motion for substitution is not filed within this 90-day period, the administrative judge shall dismiss the matter with prejudice.

**NOTICE OF APPEAL RIGHTS**[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board
Washington, D.C.